IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN BARNES | ) | CASE NO. 1:09CV2671 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY JAIL | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Franklin Barnes brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendant Cuyahoga County Jail. He alleges that the Cuyahoga County Jail failed to provide adequate medical care when it was known that he needed medication for mental illness. Plaintiff demands damages in the amount of $300,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Plaintiff has sued the Cuyahoga County Jail. In order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006). A jail is a building wherein prisoners

are held and is not a person. *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007). Therefore, a jail is not a legal entity amenable to suit under 42 U.S.C. § 1983. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D. Tenn., May 15, 2009). *See Bradford v. Gardner,* 578 F.Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter,* 536 F.Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Thus, plaintiff has failed to state a claim against the Cuyahoga County Jail.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: January 12, 2010      S/Christopher A. Boyko
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE